UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| )                           Plaintiff, ) | CASE NO.   CR05-391 RSM |
| )                     v. ) | |
| ) | DETENTION ORDER |
| CARLOS EDWARD FORD, ) | |
| )                          Defendant. ) | |

Offense charged:

Conspiracy to Distribute Controlled Substances, in violation of Title 21, U.S.C.,

Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), and 846.

Date of Detention Hearing: November 22, 2005.

The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  The Government was represented by Ron Friedman and Rich Cohen.  The defendant was represented by Ralph Hurvitz.

The Government  urges the court to detain the defendant, stating that the drug

DETENTION ORDER
PAGE -1-

conspiracy involves wiretaps which further corroborate the strength of the evidence in instant offense. Pointing to the defendant's flight risk, the Government asserts that the defendant traveled to Mexico with the purpose of furthering the drug enterprise and drug trafficking. The Government alleges that the defendant has access to large sums of cash, emphasizing that the defendant has not been legitimately employed since 2002, yet owns six residential properties. It should be noted that the down payments for the properties also involved large sums of cash. The Government expressed concern that access to such cash may facilitate flight, in addition to the defendant's use of alias names.

Further supporting the defendant's risk of flight, the Government contends that the defendant has a particularly disturbing history of flight to avoid prosecution as reflected in his felony Hit and Run conviction involving a high speed chase and subsequent serious injury of his passenger, who is also a co-conspirator in the instant offense.

As a danger to the community, the Government referred to a drug debt collection which involved the defendant's threat of violence toward the debtor. This is of particular concern to the Government as firearms - including assault weapons and semiautomatic firearms - are involved in the conspiracy.

The defense argues for release, requesting that the defendant be permitted to live with his mother while on electronic home monitoring. The defense contends that the felony Hit and Run conviction is from 1999, and that a six-year-old conviction does not carry as much significance as what a recent conviction might carry. Additionally, the defense states that the defendant's family initiated contact with counsel, and that their presence in court suggests the defendant has significant ties to the community and does not pose a flight risk.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1)     There is probable cause to believe the defendant committed the conspiracy drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's

DETENTION ORDER
PAGE -2-

release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons:  Using the factors below, under Title 18 § 3142 (g), the Court considered the following:

(a) The defendant poses a risk of flight as he has access to large sums of cash; he has traveled to Mexico within the past year; he has known alias names; and he has no verifiable source of legitimate income yet $200,000 dollars U.S. Currency was located in the residence at the time of his arrest.

(b) The Court is very disturbed by the defendant's serious history of flight to avoid prosecution and numerous court order violations, including a felony protection order violation.  Additionally, the Court views the defendant's use of his mother to hide his involvement in the felony Hit and Run as indicative of deceitful character which bears upon his trustworthiness.

(c) Due to the nature of the charges, in combination with the defendant's criminal history and seizure of numerous firearms, the Court finds the defendant to be a risk of danger to the community.

(3) Based upon the foregoing information  which is consistent with the recommendation of U.S. Pre-trial Services, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

//

//

DETENTION ORDER
PAGE -3-

**It is therefore ORDERED**:

(1)     The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)     The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3)     On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)     The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 23rd day of November, 2005.


MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -4-